

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 AUG -1  AM 10:59

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TYRONE TAYLOR, LEO HAMMOND and GREGORY HAMMOND | * * | CIVIL ACTION |
| VERSUS | * | NUMBER: **03-2181** |
| STEVEN PAYNE, WILLIAM MARKS, ERIC SMITH, EARL RAZOR and THE CITY OF NEW ORLEANS | * * | SECTION: **SECT. B MAG. 2** |

## COMPLAINT

The complaint of Tyrone Taylor, Leo Hammond and Gregory Hammond, all persons of majority domiciled in the Eastern District of Louisiana, with respect avers the following:

1.

This action arises under the Constitution of the United States, particularly the 4th and 14th Amendments, and 42 U.S.C. §1983 as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331. The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana.

Fee 150.00
_ Process____
X Dktd____
__ CtRmDep____
__ Doc. No.____

2.

The defendants herein are:

a.  Steven Payne, a person of the full age of majority employed at all times pertinent herein by the City of New Orleans as a police officer, who on information and belief resides in the Eastern District of Louisiana;

b.  William Marks, a person of the full age of majority employed at all times pertinent herein by the City of New Orleans as a police officer, who on information and belief resides in the Eastern District of Louisiana;

c.  Eric Smith, a person of the full age of majority employed at all times pertinent herein by the City of New Orleans as a police officer, who on information and belief resides in the Eastern District of Louisiana;

d.  Earl Razor, a person of the full age of majority employed at all times pertinent herein by the City of New Orleans as a police officer, who on information and belief resides in the Eastern District of Louisiana; and

e.  the City of New Orleans (hereinafter "the City"), a municipal corporation organized and existing pursuant to the laws of the State of Louisiana.

3.

On July 31, 2002 defendant Payne presented an application for search warrant to Magistrate Judge Hansen of the Criminal District

Court for the Parish of Orleans. Defendant Payne's application sought authorization to search the premises at 141 North Galvez Street in the City of New Orleans, Louisiana. This address is the location of plaintiff Tyrone Taylor's business, Russell's Tire Shop.

4.

In the application for search warrant, defendant Payne represented to Magistrate Judge Hansen that he met with a confidential informant within seventy-two hours of July 30, 2002. Payne further swore in his affidavit that the confidential informant advised him that a black male subject known as "Cadillac" was selling crack cocaine and marijuana from Russell's Tire Shop.

5.

Payne continued in his application by representing that he set up surveillance outside of the tire shop where he observed a subject who matched Cadillac's description engage in a hand to hand transaction with a female subject who had approached the shop.

6.

Payne next represented in his application that he met with the confidential informant to set up a controlled purchase from Cadillac at the tire shop. According to Payne's application allegations, he observed the confidential informant approach Cadillac with funds provided from the Narcotics Expense Fund and give the money to Cadillac. Payne continued in his application by

stating that he observed Cadillac go into the tire shop, return and hand something to the confidential informant. Payne concluded his application by stating that the item given by Cadillac to the confidential informant was a off white hard rock substance, consistent with crack cocaine.

7.

Based upon the representations made in Payne's application, Magistrate Hansen issued a search warrant ordering the search of Mr. Taylor's business at 141 North Galvez.

8.

Defendant Payne knowingly made false statements in his application for the search warrant. First, Payne could not have observed the individual he identified as Cadillac enter and exit the business as no such activity ever took place. Secondly, Payne could not have observed the alleged confidential informant make a drug buy from Cadillac at the tire shop since plaintiffs know that no one such person entered the business. Finally, the aforesaid known misrepresentations at least suggest that there was, in fact, no confidential informant.

9.

Now armed with the fraudulently obtained search warrant, on August 1, 2002 at approximately 3:00 p.m., Payne, accompanied by Marks, Smith and Razor raided Russell's Tire Shop. Upon doing so, the defendant police officers seized and handcuffed plaintiffs

along with six other individuals who were outside the shop.

10.

During the course of the raid, plaintiff, Gregory Hammond, was struck without justification or provocation by defendant Payne.

11.

When the raid failed to reveal the presence of any illegal drugs at the business, the defendant officers planted heroin and crack cocaine at the scene. The defendants then falsified a police report to indicate that the drugs had been on the scene at the time of their arrival.

12.

Plaintiffs were arrested and charged with possession with intent to distribute crack cocaine and possession of heroin.

13.

On July 17, 2002, the Orleans Parish District Attorney's Office nolle prosequied the charges against all of the plaintiffs.

14.

As a result of the search and subsequent arrest caused by the unlawful activities of defendant Payne, the plaintiffs suffered mental, emotional and physical pain and suffering. Additionally, Gregory Hammond suffered additional pain from being struck in the eye unnecessarily.

15.

The search of the tire shop and the arrest and subsequent prosecution of plaintiffs all resulted from the knowingly false statements and unlawful activity of defendants Steven Payne, William Marks, Eric Smith and Earl Razor and thus constitute an unlawful search and seizures in violation of the 4th and 14th Amendments to the United States Constitution. For these reasons, Steven Payne, William Marks, Eric Smith and Earl Razor are answerable to plaintiffs, Tyrone Taylor, Leo Hammond and Gregory Hammond, for damages and attorney's fees pursuant to 42 U.S.C. §1983 and §1988. The actions of these officers also render them liable for false arrest, malicious prosecution, and battery under Louisiana Civil Code article 2315.

16.

The City is also answerable to plaintiffs for the state law damages flowing from the defendant officers' actions under the theory of respondeat superior, since at all times pertinent, the defendant officers were acting in the course and scope of their employment with the City.

17.

Furthermore, because the actions of the defendant officers were done maliciously and wantonly, they are liable to plaintiffs for punitive damages.

18.

Plaintiff prays for a trial by jury.

**WHEREFORE**, plaintiffs pray that after due proceedings, there be judgment in their favor and against all defendants in solido in an amount deemed reasonable by the trier of fact, plus interest, all court costs, and attorney's fees under 42 U.S.C. §1988 where applicable.

Respectfully Submitted,

_____
Tyrone Taylor
In Proper Person
13121 Biscay
New Orleans, LA 70129
(504) 254-2587

_____
Leo Hammond
In Proper Person
1214 St. Claude
New Orleans, LA 70116
(504) 522-0367

_____
Gregory Hammond
In Proper Person
1214 St. Claude
New Orleans, LA 70116
(504) 522-0367