UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE TAYLOR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 03-2181 |
| STEPHEN PAYNE, ET AL. | SECTION "A"(2) |

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 141)** filed by the Defendants, and set for hearing on January 10, 2007, on the briefs without oral argument. Plaintiffs oppose the motion. For the following reasons, the motion is **GRANTED** in part**,** and **DENIED** in part.

## I. BACKGROUND

This dispute arises out of the arrests and prosecution of three suspects on charges of possession with intent to distribute crack cocaine and possession of heroin. As a result of the arrests and charges, plaintiffs filed suit against the City of New Orleans and four now former members of the New Orleans Police Department. In their Complaint, plaintiffs allege that defendant Steven Payne knowingly made false and misleading statements in his application for a search warrant, and unlawfully struck plaintiff Gregory Hammond during his arrest. In addition, plaintiffs allege that one or more of the defendants planted drugs at the scene, stole money, and

subsequently falsified a police report. Accordingly, plaintiffs allege that the activity of the defendants constituted an unlawful search and seizure under the 4th and 14th Amendments, and that pursuant to 42 U.S.C. §1983 and § 1988, they are entitled to damages and attorney's fees. Plaintiffs also seek damages under state law pursuant to Louisiana Civil Code article 2315 for claims of false arrest, malicious prosecution, and battery. In response, defendants have filed a Motion for Partial Summary Judgment[1] asserting that there are no genuine issues of material fact and that in any event they are entitled to qualified immunity.

## II. ARGUMENTS

### *Defendants*

Defendants contend that "there remain no genuine issues as to any material fact as to plaintiffs' Fourth Amendment false arrest and unlawful search and seizure claims and that therefore (they) are entitled to judgment as a matter of law."[2] In moving for partial summary judgment, defendants categorize plaintiffs' claims into three issues: (1) the procurement of the warrant; (2) the execution of the warrant; and (3) the alleged unlawful arrest.[3] Under each category, defendants further divide their analysis into the actions of the lead officer, Payne, and those in supporting roles, namely, officers Razor, Smith, and Marks. The purpose of this framework is to highlight the more active role of defendant Payne in the procurement and execution of the search warrant.

---

[1] Rec. Doc. 141

[2] Def. MSJ. p. 1

[3] Def. MSJ. p. 4

A summary of defendants' overall argument is that "Plaintiffs' bald conclusory allegations" are not supported by specific facts or evidence, and that in any case, the *Franks* doctrine as well as the doctrine of qualified immunity serve to insulate these defendants from liability under 42 U.S.C. §1983, and §1988.[4] Defendants also contend that an independent basis for Detective Payne's pursuit and arrest existed as he witnessed what he believed to be a drug transaction just prior to entering the tire shop.[5] In support of summary judgment, defendants rely on the police report, the search warrant, the application for the search warrant, and the deposition testimony of Alvin Marks, Earl Razor, Eric Smith, Steven Payne, and the confidential informant.

### *Plaintiffs*

As an initial matter, in their response, plaintiffs admit that they do not allege any liability stemming from defendants Razor, Smith, and Marks' role in the procurement of the warrant.[6] In addition, plaintiffs note that "other than the fact that Payne knew that the warrant was improperly obtained, plaintiffs do not allege that any liability flows from the mere execution of the warrant."[7]

Addressing the other claims, plaintiffs initially respond by noting that defendants' motion is not supported by competent evidence in that the police report is unauthenticated, and the testimony of defendant Earl Razor is advanced in violation of this Court's Order prohibiting his

---

[4] *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978).

[5] Def. MSJ. p. 4.

[6] Pla. Opp. p. 10

[7] Pla.Opp. p. 10

testimony in this matter.[8] Second, plaintiffs contend that contrary to defendants' representation, nearly every material fact is contradicted by the testimony of the plaintiffs. In support, plaintiffs rely on the affidavit of Tyrone Taylor, the deposition testimony of the plaintiffs, the confidential informant, and defendants Payne, Smith, and Marks.

Expanding on this argument, plaintiffs outline that at "the very heart of this dispute between (the parties) is the presence *vel non* of crack cocaine and heroin on the desk in the tire shop office."[9] Their argument follows that if the defendants brought the drugs into the shop, then the plaintiffs were falsely arrested. Supporting their argument that the defendants provided inconsistent accounts, plaintiffs outline that while defendant Payne testified that the drugs were present at the scene, all three plaintiffs have testified that there were no drugs present. In addition, plaintiffs highlight the deposition testimony of defendants Marks, Razor, and Smith which indicates that the former officers first saw the drugs only in Payne's hand.[10]

As it relates to the procurement of the warrant, plaintiffs note that "several of Payne's statements are flatly contradicted by the alleged confidential informant."[11] Specifically, plaintiffs challenge the assertion that any drug transactions took place outside the tire shop and within the view of defendant Payne on July 31, and August 1, 2002. Therefore, as these allegedly nonexistent transactions led to the issuance of the search warrant, then Payne's

---

[8] Rec. Doc. 142

[9] Pla. Opp. p. 3

[10] Pla. Opp. p. 4

[11] Pla. Opp. p. 5

untruthful statements led to the unlawful arrest.  In support of this argument, plaintiffs assert that the confidential informant's testimony reveals discrepancies about where the alleged drug transaction took place, as well as the physical description of the middle-man drug dealer named "Cadillac."  Accordingly, plaintiffs allege that if the confidential informant's testimony is taken as true, then "one must conclude that Payne lied in the warrant application."[12]

Addressing the defendants' claim of qualified immunity, plaintiffs argue that qualified immunity does not protect those who knowingly violate the law, and that in any case under the legal standard applicable to summary judgment a court must view the evidence in a "light most favorable to the non-moving party."

### III. DISCUSSION

*Summary Judgment Standard*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex*

---

[12] Pla. Opp. p. 8

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### *Procurement and Execution of the Warrant*

Before reaching the disputed portions of defendants' motion, this Court will briefly address the liability of defendants Razor, Smith, and Marks stemming from the "procurement or execution of the warrant." This Court finds that summary judgment is appropriate as to these two issues with regard to these specific defendants. *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005). Indeed, plaintiffs' opposition outlines that no such claims are asserted in this lawsuit.[13]

### *Genuine Material Issues of Fact*

After a review of the record, this Court finds a material discrepancy between the confidential informant's testimony, and defendant Payne's testimony. Defendant Payne's observations of the alleged drug transactions taking place outside of the tire shop are in relevant part disputed by the confidential informant in her most recent deposition.[14] The discrepancy is

---

[13] Pla. Opp. p. 10

[14] Confidential Informant Depo. p. 48, 49, 57.

material because these observations were relied on in order to obtain the search warrant.[15]

The Court also finds that the testimony of the four defendants conflicts with regard to the source or initial location of the drugs at the scene.[16] While defendant Payne's account places the drugs on the desk inside the tire shop office at the time of entry, the other defendants' testimony indicates that either they did not see drugs on the desk, or that they saw the drugs for the first time in Payne's hands.[17]

Finally, the Court notes plaintiff Payne's sworn affidavit and the deposition testimony of the three plaintiffs directly contradict the defendants' account of this incident. Accordingly, based upon a review of the record, this Court finds that the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavit, when viewed in a light most favorable to the plaintiffs, support the argument that there exists material issues of fact as to the accuracy of the statements leading to the issuance of the search warrant, and the liability of all the defendants for any actions surrounding the arrests of the three plaintiffs. Therefore, the Court finds summary judgment to be inappropriate.

### *Qualified Immunity*

The doctrine of qualified immunity shields a government official from civil liability for

---

[15] This Court does note and questions whether this search warrant application, without any reference to the two observed drug transactions, would support the issuance of a warrant based on probable cause. *Franks*, 438 U.S. 154, 155-156.

[16] Def. Marks Depo. p. 64; Def. Smiths Depo. p. 99, 105, 106; Def. Razor Depo. p. 64.

[17] Def. Marks Depo. p. 64; Def. Smiths Depo. p. 99, 105, 106; Def. Razor Depo. p. 64.

damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000) (internal citations omitted). Further, "where, as here, a Section 1983 defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (internal quotation omitted).

To determine whether a defendant is entitled to qualified immunity, a court first must determine whether a plaintiff has alleged the violation of a constitutional right. *Easter,* 467 F.3d at 462*; Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). Second, if the plaintiff has alleged a constitutional violation, then the court must determine whether the defendants' behavior was objectively reasonable under clearly established law at the time the challenged conduct occurred. *Id.* If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity. *Easter*, 467 F.3d 462.

Further, under applicable case law, a "defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute

8

as alleged by the plaintiff." *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001). Moreover, "the qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Mendenhall v. Riser*, 213 F.3d 226, 229 (5th Cir. 2000); *citing Malley v. Briggs*, 475 U.S. 335, 343,341,106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In applying the first prong of a qualified immunity analysis, this Court finds that the plaintiffs have alleged the violation of a constitutional right. Specifically, plaintiffs allege that the actions of defendants constitute "an unlawful search and seizure in violation of the 4th and 14th Amendments to the United States Constitution." [18] In plain terms, plaintiffs allege that defendants knowingly violated the law when one or all of the four former police officers lied to obtain a valid search warrant, planted drugs at the scene, stole money, and then lied about these actions in a police report.

Given the illegal nature of the conduct alleged, this Court finds that under the second prong of the qualified immunity analysis, if plaintiffs' version of the facts is taken as true, then the defendants' behavior was not objectively reasonable under clearly established law at the time the challenged conduct occurred. *Hampton v. Oktibbeha County Sheriff Dept.*, 2007 WL 575814 (5th Cir.).

### *Heightened Pleading*

Intertwined in a suit where qualified immunity is asserted by a public official, is the

---

[18] Pla. Complaint ¶ 15

applicability of the heightened pleading standard. Under the heightened pleading standard, an "action must be pleaded with factual detail and particularity." *Anderson v. Pasadena Independent School District,* 184 F.3d 439, 443 (5th Cir. 1999). While the heightened pleading standard is applicable to those defendants sued in their individual capacities, it is not applicable to those sued in their official capacities. *Anderson*, 184 F.3d 439; *citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

In the instant matter, neither the Complaint, the Amended Complaint, nor the Pre-trial Order specify under which capacity these defendants are being sued. Instead, the Court notes that under the uncontested material facts section of the Pre-trial Order the parties agree that at all times pertinent hereto defendants "were acting under color of law and within the course and scope of their employment with the City of New Orleans." This language suggests that the named defendants were being sued in their official capacity.

Nevertheless, in the event that defendants are being sued in their individual capacities, then the heightened pleading standard would apply. Therefore, the Court recognizes the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure on the one hand, and the heightened pleading standard on the other. However, this Court finds that even under the heightened pleading standard, the plaintiffs have alleged a specific constitutional violation, and plead specific conduct which, if proved, would overcome the individual defendants' immunity defense. Accordingly, because this Court finds that genuine issues of material fact remain, and that the plaintiffs have satisfactorily plead with particularity under either pleading requirement,

the plaintiffs' claims survive summary judgment.

Accordingly,

**IT IS ORDERED** that defendants' **Motion for Partial Summary Judgment (Rec. Doc. 141)** is **GRANTED** in part**,** and **DENIED** in part.  Plaintiffs' claims against defendants Razor, Smith, and Marks for liability stemming from the procurement or execution of the search warrant are dismissed.  The remaining claims set for trial are: (1) defendant Payne's liability for allegedly falsifying information in a search warrant application and unlawfully striking Gregory Hammond; (2) the liability of all the defendants for allegedly planting drugs at the scene, falsifying a police report, and stealing money; (3) and the state law claims against all defendants for false arrest, malicious prosecution, and battery.

New Orleans, Louisiana, Monday, March 5, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE